**James Denver DALE, Jr., Petitioner,**

**v.**

**Ray H. PAGE, Warden, and State of Oklahoma et al., Respondents.**

**No. A–13914.**

Court of Criminal Appeals of Oklahoma.

June 1, 1966.

James Denver Dale, Jr., pro se.

Charles Nesbitt, Atty. Gen., of Oklahoma, for respondents.

## MEMORANDUM OPINION

BUSSEY, Presiding Judge.

Petitioner, James Denver Dale, Jr., has filed an application for a casemade at public expense and appointment of counsel and judicial review of his conviction in the District Court of Noble County, Oklahoma, where he was charged, tried and convicted for the crime of Adultery, and sentenced to serve a term of seven years imprisonment in the State Penitentiary. Neither at the time of judgment and sentence rendered against him, nor subsequent to that time, did the petitioner request the trial court to provide a casemade at public expense and the appointment of counsel to represent him in perfecting an appeal to this Court. Petitioner alleges that he had requested public defender, Kenneth Reed, to take all necessary steps in perfecting an appeal to this Court, and that he (the public defender) had assured petitioner that this would be done; that it was not, thus depriving petitioner of his right to appeal. Mr. Kenneth Reed filed the following verified affidavit:

"THE STATE OF OKLAHOMA ⎰ District Court of Noble County
        –vs– ⎱
JAMES DENVER DALE, JR.    Case No. 1075

### AFFIDAVIT

This is to certify that the District Court of Noble County, State of Oklahoma, appointed this affiant as attorney to represent the defendant James Denver Dale, Jr., in Case No. 1075, the State of Oklahoma vs. James Denver Dale, Jr. therein pending; that pursuant to said appointment, your affiant defended James Denver Dale, Jr. in a Jury trial in the District Court of Noble County, Oklahoma, lasting 2 days and on the 6th day of October, 1965 the Jury rendered its verdict against the defendant and assessed his punishment at 7 years on the crime of adultry.

After the Jury brought in its verdict, I told the defendant I would file a motion for a new trial, which I did and presented it to the Court, which was by the Court overruled. I advised the defendant the purpose of the Motion for a new trial was to protect his rights to perfect an appeal if he so desired. He did not ask me, nor did I tell him I would perfect an appeal in the Court of Criminal Appeals. No Discussion of any kind was had about an appeal. He did not inquire about the cost of a case-made, or how he could perfect his appeal.

Since the trial I have had no communication with the defendant. I did not at any time tell him, or make any statement from which he might infer that I would perfect an appeal to the Court of Criminal Appeals. An appeal was not discussed in any manner, either directly or by implication.

                 /s/ Kenneth Reed.

Subscribed and sworn to before me this 8th day of March, 1966.

(SEAL)                   /s/ Henry H. Rucker"

It appears to the Court that the petitioner never requested the appointment of counsel to represent him in perfecting an appeal nor preparation of casemade at public expense, and was not denied any right relating to his appeal. His allegation that the public defender had assured him that an appeal would be perfected to this Court is refuted by the affidavit of the public defender and under such circumstances we are of the opinion that the relief should be, and the same is hereby, Denied.

Application for appointment of counsel, casemade at public expense and judicial review of Noble County District Court Case No. 1075, is denied.